IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN LEE HAMILTON,  §<br>MOVANT,  §<br>  §<br>V.  §<br>  §<br>UNITED STATES OF AMERICA,  §<br>RESPONDENT.  § | CASE NO. 3:19-CV-1773-N-BK<br>(CRIMINAL 3:17-CR-637-N-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Jonathan Lee Hamilton's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

On April 3, 2018, Hamilton pled guilty to a two-count indictment: Count One charged possession with intent to distribute a controlled substance; Count Two charged possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Hamilton*, No. 3:17-CR-00637-N, Crim. Doc. 15 (N.D. Tex., 2018). On July 9, 2018, the Court sentenced Hamilton to two concurrent sentences of 112 months' imprisonment. Crim. Doc. 28. Hamilton did not pursue a direct appeal. Subsequently, the Supreme Court decided *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019) (holding that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm).

Hamilton timely filed this *pro se* Section 2255 motion challenging his conviction to the offense charged by Count Two of the indictment, claiming that, in light of *Rehaif*, his guilty plea was unknowing and involuntary and that he is actually innocent of that offense because the Government failed to establish that he knew he was a felon. Doc. 7; Doc. 8. The Government filed a response opposing Section 2255 relief, arguing that Hamilton's claim is procedurally barred. Doc. 11. Hamilton did not file a reply.

Upon review, the Court finds that Hamilton's claim is procedurally barred and, in any event, that it fails on the merits.[1]

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). When a Section 2255 movant fails to raise a claim on direct appeal, the claim is procedurally defaulted, absent a showing of cause and prejudice, or that the movant is "actually innocent" of the crime for which he was convicted. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The movant might be able to demonstrate cause by raising a particularly "novel" claim, but he cannot do so by merely arguing that "'the legal basis for his claim was not reasonably available to counsel' at the time his plea was entered." *Bousley,*

---

[1] Hamilton claims that *Rehaif* "pronounced a new rule of constitutional law that is retroactively applicable to cases on collateral review." Doc. 7 at 1. The United States Court of Appeals for the Fifth Circuit has not addressed the issue in the context of a first, timely Section 2255 motion and the Circuit Courts of Appeal are split. Because the Government does not here dispute the retroactivity of *Rehaif*, and because Hamilton's procedural default is dispositive in this case, the Court finds no reason to further address the issue.

523 U.S. at 622. And to demonstrate prejudice, the movant must "shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage . . . ." *Shaid*, 937 F.2d at 236 (quoting *Frady*, 456 U.S. at 170 (emphasis in original)).

In the extremely rare case where a constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). This claim of actual innocence must be based on new, reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means "factual innocence" and "not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. Where a movant asserts his actual innocence, he must show, as a factual matter, that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Schlup*, 513 U.S. at 327.

Relying on *Rehaif*, Hamilton claims that his guilty plea was unknowing and involuntary. Having failed to raise the claim on direct appeal, the Court agrees with the Government that it is procedurally defaulted, absent a showing of cause and prejudice or that the movant is "actually innocent" of the crime for which he was convicted.

Hamilton does not satisfy the cause-and-actual prejudice exception, and he cannot establish his actual innocence to excuse his failure to raise the validity of his plea on direct appeal. As to cause, Hamilton only argues that "*Rehaif*'s decision was not available" at the time of his guilty plea. Doc. 7 at 2, 6. This argument is without merit, as the unavailability of a legal basis when his plea was entered does not constitute cause. *See Bousley*, 523 U.S. at 623-24. And his claim is not sufficiently "novel" to excuse his procedural default. *Id.* at 622. Indeed,

*Rehaif* reversed well-established precedent in the majority of circuit courts. See *Rehaif*, 139 S. Ct. at 2201 (Alito, J., dissenting). Hamilton also does not provide any evidence of prejudice, nor any new evidence that would cause a reasonable juror not to convict him. See *Schlup*, 513 U.S. at 327.

Indeed, the record is replete with evidence that, at the time of his plea, Hamilton was well aware of his status as a felon. Hamilton admitted in his Factual Resume and affirmed under oath at his rearraignment hearing that, at the time that he was in possession of a firearm, he had been previously convicted of a felony. Crim. Doc. 15 at 2, 6; Crim. Doc. 35 at 15. Moreover, the Presentence Report (PSR) reflects that Hamilton had been convicted of at least three prior felonies, and twice served prison terms over one year. Crim. Doc. 25-1 at 14-16, PSR ¶¶ 51-53. No reasonable juror would have found that Hamilton was unaware of his status as a felon, so Hamilton cannot establish his actual innocence as to Count Two.[2]

### III. CONCLUSION

Given the foregoing, Hamilton has failed to overcome the procedural bar. The Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 15, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Under these facts, even if his claim was not procedurally barred, Hamilton could not prevail on the merits.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).